# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:10-00111-07

BARRY ADKINS

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR NEW TRIAL

Following his conviction at trial, Defendant filed his Motion for New Trial (Doc. #468). His motion asserts that the Court erred in allowing the Government to call Ms. Brown, a bank teller, as a witness. Finding no error, the Court **DENIES** Defendant's motion.

Mr. Adkins was charged in a Superseding Indictment with conspiracy to distribute marijuana from 2002 into 2010. The day before trial, the Government disclosed that a newly found witness, Ms. Brown, would be called to testify. Its disclosure included a Report of Investigation which summarized both the Government's discovery of Ms. Brown as a potential witness and the testimony it expected from her. In response to Defendant's objection to her testimony, the Court conducted, in camera, a hearing to determine when and how the Government learned of Ms. Brown and whether her purported testimony would be admissible.

As a result of this inquiry, the Court found that Ms. Brown had first been identified by the Government as a potential witness approximately ten days before trial; that she was first interviewed by investigators on August 29, 2010, and the Report of Investigation prepared that day; and that the Government disclosed all of this to the defendant the day before trial. As reflected more fully in her

in camera testimony, Ms. Brown had worked at a local bank as a vault teller for several years, up to and including 2009. She recalled that, as part of her duties as the bank's vault teller, she received 15 to 20 currency deposits from Huntington Police Department officers. These deposits had an extremely strong odor which the officers explained was the smell of marijuana. She then testified that she recalled the defendant as a bank customer who often made large cash deposits of $2000 to $4000, which had the same strong odor.

The Court admitted her testimony under FRE 701, which allows a lay witness to offer opinion testimony as to some matters. The Court found her testimony that Defendant's currency deposits smelled strongly of marijuana was rationally based. She described considerable experience, prior to Defendant's deposits, where she handled cash deposits bearing the same strong odor identified by law enforcement officers as the smell of marijuana. The number of times she made these observations and the similarity of the context of Defendant's deposits warranted admissibility. Courts have long allowed circumstantial evidence of illegal drugs to be admissible. *See United States v. Westbrook*, 896 F 2d 330 (8th Cir. 1990); *United States v. Harrell*, 737 F 2d 971 (11th Cir. 1984).

The Court also concludes that the late disclosure of this witness did not prejudice Defendant. First, the Government acted promptly in identifying and disclosing her once it learned of her. The Report of Investigation summary adequately summarized her expected testimony. The defense had the benefit of her in camera testimony as well, and makes no credible claim of prejudice. His only argument is that late disclosure prevented him from obtaining his bank deposit records, apparently speculating that the records may contradict Ms. Brown's recollection of large cash deposits by

Defendant over this period. However, he makes no argument that he tried, at trial or since, to obtain such records or that such records would be helpful.

In addition, the contested evidence could not have had a substantial effect in the jury's verdict. Here, other co-conspirators provided the bulk of the Government's evidence, some of which included recorded discussions of the conspiracy. Any error in the admission of this evidence was harmless. Defendant is not entitled to a new trial.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: February 2, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE