# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                       CRIMINAL ACTION NO. 3:10-00111-07

BARRY ADKINS

### MEMORANDUM OPINION AND ORDER

Currently pending is the Defendant Barry Adkins' Second Motion for a New Trial (ECF No. 551). For the reasons explained below, the Motion is **DENIED**.

**A. Background**

This is the Defendant's second motion for a new trial. Defendant's first Motion for a New Trial (ECF No. 468) asserted that the Court erred in allowing the Government to call Ms. Brown, a bank teller, as a witness. As explained in this Court's February 2, 2012, Memorandum Opinion and Order denying the Defendant's first motion for a new trial, Ms. Brown was allowed to testify that the Defendant made numerous large cash deposits which, in her opinion, smelled strongly of marijuana. Before admitting her testimony, the Court heard from Ms. Brown *in camera* that this opinion was based on currency deposits that she had taken from Huntington Police Department Officers which had a strong odor that the officers explained to be marijuana. Ms. Brown was permitted to testify pursuant to Fed. R. Evid. 701, which allows lay witnesses to testify to opinions rationally based on their own perceptions.

The Court also noted that defendant made "no argument that he tried, at trial or since, to obtain such records or that such records would be helpful." Since then, Defendant has collected the relevant bank records and summarized them in a spreadsheet attached to the pending motion. Mr.

Adkins seeks a new trial because, he claims, these records would have permitted more effective impeachment of Ms. Brown, an opportunity that he was denied by the government's late disclosure of Ms. Brown as a witness.

**B. Legal Standard**

The Fourth Circuit has developed a five part test for determining whether to grant a motion for a new trial based on newly discovered evidence. A new trial is not appropriate unless (i) the evidence is, in fact, newly discovered; (ii) there are facts alleged from which the court may infer due diligence on the part of the movant; (iii) the evidence is not merely cumulative or impeaching; (iv) the evidence is material to the issues involved; and (v) the evidence would probably result in acquittal at a new trial. *United States v. Chavis*, 880 F. 2d 788, 793 (4th Cir. 1989).

**C. Discussion**

The government asserts in its response that the evidence is not newly discovered. In support, counsel states that the United States consented to a joint motion to continue the trial in order to allow the defense to prepare for cross-examination of Ms. Brown. Defendant, defendant's former counsel, and defendant's trial counsel have all submitted affidavits attesting to the fact that bank records seized from Mr. Adkins' home were not returned or made available to the defense before trial. *Aff. Of Barry Adkins*, ECF No. 551, Ex. 1; *Aff. Of Gregory Campbell*, ECF No. 551, Ex. 4; *Aff. Of Michael Curtis*, ECF No. 558. Because the Defendant clearly fails to meet his burden with regard to other elements, the Court assumes, without deciding, that the bank records satisfy the requirement that they be "newly discovered." The motion and attached affidavits allege facts from which the Court can infer that the defendant has been diligent in gathering this evidence and filing the instant motion, therefore the second prong of the test is satisfied. The third and fifth prongs of

the *Chavis* test, however, are not satisfied. This evidence is offered only for its value in impeaching Ms. Brown's testimony. While it is material to the issue involved, namely the frequency and quantity of Mr. Adkins' cash deposits, it is not material to his guilt or innocence of conspiring to distribute 1,000 kilograms or more of marijuana. Most importantly, a review of the newly proffered evidence reveals that it in fact corroborates Ms. Brown's testimony. The spreadsheet compiled by the defendant indicates that ten cash deposits were made into the defendant's account through Ms. Brown between February 2008 and October 2009. *Spreadsheet*, ECF No. 551, Ex. 3. Though the amount and frequency of those deposits differs slightly from Ms. Brown's testimony, its value as impeachment evidence would have been minimal and would have had no effect on the verdict in this case.

Separately, Defendant asserts that he would have called a long-time employee of Tri-State Realty to testify that the employee, and not the defendant, made the deposits that are at issue. *Aff. Of Gregory Campbell*, ECF No. 551, Ex. 4. In the same vein, defendant would have argued that the deposits were part of a legitimate business and not a drug enterprise. The identity of the individual alleged to have made the deposits, an employee of the defendant's family business, is not newly discovered. On cross-examination the Defendant denied making cash deposits, and nothing prevented the defense from calling this employee to corroborate his testimony. Similarly, nothing prevented the defense from offering testimony from either the defendant or this employee regarding the legitimacy of the bank deposits. That they chose not to do so cannot support a motion for a new trial.

Last, as the Court concluded in denying Mr. Adkins' first motion for a new trial, the contested evidence could not have had a substantial effect on the jury's verdict. The bulk of the

evidence in this case was provided by co-conspirators, including recorded conversations discussing the conspiracy. Even if admission of the contested evidence were in error, the overwhelming weight of the evidence supported jury's verdict, and any error in allowing Ms. Brown to testify was harmless.

**D. Conclusion**

For these reasons, Defendant's Second Motion for a New Trial (ECF No. 551) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: March 9, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE